UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO PEREZ,<br><br>                           Petitioner,<br>    v.<br>MARCUS POLLARD, Warden,<br><br>                         Respondent. | Case No.: 20-cv-1030-BAS-BLM<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUESTS FOR PROTECTIVE ORDER, TOLLING AND TO STAY AND ABEY FEDERAL PROCESS**<br><br>**[ECF No. 1]** |

      Petitioner, a state prisoner proceeding *pro se*, has submitted a document using the initial page of this district's § 2254 habeas corpus petition form entitled "Petition for Writ of Habeas Corpus Protective Order Stay and Abey," and further captioned in part as "Protective Petition Request to Stay and Abey the Federal Habeas Judicial Process Until State Remedies are Fully Exhausted." (ECF No. 1 at 1–2.) Petitioner requests "For this court to grant this protective order For the issue of equitable tolling" to allow Petitioner to present his claims in a federal habeas petition for the Court's consideration "once Petitioner has exhausted his remedies in the lower state courts before raising them in the California Supreme Court," and notes that he intends to raise numerous claims appellate counsel declined to raise in the prior state appellate proceedings. (*Id.* at 2–3.)

      It does not appear that Petitioner has initiated habeas proceedings in this Court. The document Petitioner filed uses the initial page of this district's habeas corpus petition form and is entitled "Petition for Writ of Habeas Corpus Protective Order Stay and Abey," but

Petitioner has not included any subsequent pages of the petition form. Moreover, Petitioner repeatedly indicates that his request is for a protective order and stay and abeyance. (*See e.g.*, ECF No. 1 at 1, 2, 13–14, 155.) In an accompanying declaration, Petitioner "requests this court to grant this petition for stay and abey order to protect the tolling time bar process from causing great harm to his due process clause rights." (*Id.* at 14.) Petitioner has also attached several exhibits, including a declaration he indicates was filed in San Diego County Superior Court listing claims or grounds he previously attempted to raise in supplemental briefs (*see id.* at 15, 25–29), as well as prior motions and briefs on various pre-trial, trial and/or appellate issues, including what appears to be a copy of the supplemental brief Petitioner attempted to file in the state appellate court (*see e.g.*, *id.* at 92–142, 150–52). However, there is no indication that Petitioner is presently attempting to raise those claims or issues in this Court, nor does Petitioner indicate whether he is in the process of exhausting those claims or issues in state court. Petitioner also does not indicate that he is presently attempting to raise any already exhausted claims in this Court. Instead, Petitioner generally asserts that he "should not be procedurally time barred from raising any claims and this Court should consider all of Petitioner's claims for grounds for relief in a Federal Habeas Corpus Petition Writ once Petitioner has exhausted his remedies in the lower state court before raising them in the California Supreme Court." (*Id.* at 3.)

Petitioner is a non-capital prisoner, as he indicates that he was sentenced to life without parole. (*See* ECF No. 1 at 1, 3.) Accordingly, Petitioner can only initiate habeas proceedings by filing a Petition in this Court. *See Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1107 n.3 (9th Cir. 1996) ("Unlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel.") (citing *McFarland v. Scott*, 512 U.S. 849 (1994)). As such, because Petitioner has not initiated habeas proceedings, the Court is without jurisdiction to consider whether tolling or stay and abeyance is appropriate.

The one-year statute of limitations of 28 U.S.C. § 2241(d)(1)(A)–(D) provides that the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d); *see Evans v. Chavis*, 546 U.S. 189, 193 (2006) ("As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1–year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court.") (citing *Carey v. Saffold*, 536 U.S. 214, 222–23 (2002)); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 181–182 (2001).

Even to the extent the Court could liberally construe Petitioner's filing as a habeas petition, it would be subject to dismissal without prejudice and leave to amend prior to the Court addressing the instant requests. First, Petitioner has failed to satisfy the filing fee requirement, by either paying the $5.00 filing fee or moving to proceed *in forma pauperis*.

*See* Rule 3(a), 28 U.S.C. foll. § 2254.  Second, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the Southern District of California.  *See* Rule 2(c), 28 U.S.C. foll. § 2254; *see also* Civ. LR HC.2(b).  In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court.  Again, while the document Petitioner filed uses the initial page of this district's habeas corpus petition form, it does not include any subsequent pages of the form.

## CONCLUSION AND ORDER

For the reasons discussed above, Petitioner's requests for a protective order, tolling, and to stay and abey the federal process until state remedies are exhausted are **DENIED WITHOUT PREJUDICE**.  If Petitioner intends to initiate a federal habeas corpus action, he must do so by filing amended petition in this Court on or before **August 17, 2020**.  Once Petitioner has initiated a federal habeas corpus proceeding, he may choose to re-raise his requests.  If Petitioner fails to file an amended petition within this time frame, and thereafter wishes to initiate a habeas corpus action, he must do so by filing a new case.  The Clerk of Court is directed to send Petitioner a blank Southern District of California amended §2254 habeas petition form and *in forma pauperis* application along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: June 15, 2020**

Hon. Cynthia Bashant
United States District Judge