UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO PEREZ,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>　　　　　　　　Respondent. | Case No.: 20-cv-01030-BAS-BLM<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE MOTION FOR RELIEF TO TOLL [ECF No. 6];**<br><br>**(2) GRANTING MOTION TO PROVIDE COPIES [ECF No. 4];**<br><br>**AND**<br><br>**(3) DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

　　　　On June 4, 2020, Petitioner, a state prisoner proceeding *pro se*, submitted a document using the initial page of this district's § 2254 habeas corpus petition form, requesting a protective order for equitable tolling to allow him to present claims in a federal habeas petition once they were exhausted in state court. (ECF No. 1 at 1–3.) The Court noted that a non-capital prisoner such as Petitioner could only initiate federal habeas proceedings by filing a federal habeas petition. But Petitioner's filing did not include any subsequent pages of the petition form aside from the initial page, did not identify claims he wished to raise in this Court or whether they were exhausted, and did not indicate whether he was in the process of exhausting claims in state court. (ECF No. 2 at 2.) The Court found that because Petitioner had not initiated habeas proceedings, it lacked

1

jurisdiction to consider whether tolling or stay and abeyance is appropriate. (*Id.*) The Court also noted: "Even to the extent the Court could liberally construe Petitioner's filing as a habeas petition, it would be subject to dismissal without prejudice and leave to amend prior to the Court addressing the instant requests" because Petitioner failed to satisfy the filing fee requirement and failed to submit the Petition on a court-approved form and in compliance with the instructions approved by the Court. (*Id.* at 3–4 (citing Rules 2(c) and 3(a), 28 U.S.C. foll § 2254; Civ L.R. HC.2(b)).) The Court denied without prejudice Petitioner's requests for a protective order, tolling, and to stay and abey the federal process until state remedies are exhausted and instructed Petitioner that if he intended to initiate a federal action, he must do so by filing a federal habeas petition on a court-approved form or before August 17, 2020. (ECF No. 2 at 4.) The Court further informed Petitioner that once an action was initiated, Petitioner "may choose to re-raise his requests." (ECF No. 2 at 4.) The Clerk of Court sent Petitioner a Southern District of California court-approved habeas petition form and *in forma pauperis* application.

Rather than file a federal habeas petition as instructed, on August 19, 2020, *nunc pro tunc* to August 18, 2020, Petitioner filed a motion entitled "Notice of Motion and Motion For Relief To Toll or Provide a reasonable Extension of Time and Augment to the Statute of Limitations under 28 U.S.C. § 2244 (D)(1)(A)–(D) under 28 U.S.C. § 2241(D)(1)(A)–(D)." (ECF No. 6.) Petitioner once again states a "request for relief to be provided by this Court to Petitioner from default or bar due to the one-year statute of limitations to file an amended federal habeas corpus petition under 28 U.S.C. § 2254(d) that can only be done by first exhausting all lower state court and higher court, supreme court to be able to federalize all claims." (*Id.* at 1–2.)

Upon review, Petitioner has again failed to file a petition to initiate a habeas action, and, as with the prior filing, the Court remains without jurisdiction to consider whether tolling is appropriate. Moreover, even to the extent the Court could liberally construe Petitioner's filing as a habeas petition, it would again be subject to dismissal without prejudice and leave to amend prior because in addition to failing to submit a petition on a

court-approved form and in accordance with the Local Rules of this district (*see* Rule 3(a), 28 U.S.C. foll § 2254; Civ LR HC.2(b)), Petitioner has also again failed to satisfy the filing fee requirement by either submitting the $5.00 filing fee or a request to proceed *in forma pauperis*. *See* Rule 2(c), 28 U.S.C. foll § 2254.

Petitioner was previously advised that if he failed to file a federal habeas petition on or before August 17, 2020, and if he thereafter wished to initiate a habeas action, he would be required to file a new case. (*See* ECF No. 2 at 4.)  Because Petitioner has failed to follow the Court's instructions and because he has not initiated federal habeas proceedings by filing a federal habeas petition, this case is now subject to dismissal without prejudice and without leave to amend.

Separately, on July 7, 2020, *nunc pro tunc* to July 6, 2020, Petitioner filed a motion for the Court to return or produce file stamped copies, requesting "for the Court clerk to make copys [sic] of all filled [sic] exhibits that were attached to the habeas corpus petition for stay and abey protective order." (ECF No. 4 at 1.)  Petitioner also requests:

> that the Court assist Petitioner with the post/conviction exhaustion rules act information in regards to how to amend pleadings for state courts denied exhaustion for relief in regards to violations of state and federal constitutional laws by the state government and state judicial courts under rules of civil procedures of post conviction exhaustion and remedies for relief.

(*Id.* at 2.)

With respect to the request for copies of the materials previously submitted to the Court, the Motion (ECF No. 4) is granted.  However, to the extent Petitioner requests assistance with or information on state exhaustion procedures, the Court will not provide any information aside from what has already been provided.  The Court's prior order (ECF No. 2) outlined the relevant statute of limitations and authority as to tolling of the statute and the petition form previously provided to Petitioner contains an advisement on the exhaustion and statute of limitations requirements.

## CONCLUSION AND ORDER

For the reasons discussed above, Petitioner's motion for relief to toll [ECF No. 6] is **DENIED** without prejudice.  Petitioner's request for copies [ECF No. 4] is **GRANTED**.

Because Petitioner has failed to follow the Court's instructions to file a federal habeas petition, this case is **DISMISSED** without prejudice and without leave to amend.

If Petitioner wishes to initiate a federal habeas corpus action, he must do so by filing a new case on the proper form and accompanied by the filing fee or a request to proceed *in forma pauperis*. The Clerk of Court is **DIRECTED** to: (1) send Petitioner a copy of his initial filing in this Court, ECF No. 1, a blank Southern District of California §2254 habeas petition form, an *in forma pauperis* application, and a copy of this Order; and (2) to close the case.

**IT IS SO ORDERED.**

**DATED: September 1, 2020**

Hon. Cynthia Bashant
United States District Judge